14166. MITCHELL & SON *v.* LAFAYETTE INVESTMENT & REALTY COMPANY *et al.*

STEPHENS, J. 1. While a promise to perform that which under an existing contract the promisor is already bound to the promisee to perform, constitutes no consideration for a contract, yet where in forming the new contract it is the expressed intention of the parties to abrogate and mutually rescind the first contract, which is executory on both sides, the promise in the new agreement is a sufficient consideration to support the new contract.

2. This being a suit against several defendants individually and a corporation promoted and organized by them, upon a contract in writing which the plaintiff alleges was made between the plaintiff and all the defendants, by the terms of which the plaintiff was to perform certain services for the benefit of the defendants respecting the platting into lots of certain land in which the defendants were interested, and selling for the benefit of the defendants the lots thus platted, and was to receive as a commission for his services a certain percentage of the proceeds

arising from the sale of the lots, upon which proceeds the plaintiff was to have a lien for the commissions thus due him, and one of the defenses interposed by the defendants being that the contract sued upon had been by mutual agreement abrogated and rescinded and substituted by a new agreement, all of which was in parol, by the terms of which latter agreement the plaintiff was to sell certain of the lots and receive as a commission for such services a certain percentage of the proceeds arising from the sale, but that the plaintiff was neither to receive nor earn any commission for such services unless the lots when so sold brought more than a certain stipulated sum, the amount of a mortgage upon the property, which was to be paid out of the proceeds of the sale, and the evidence adduced upon the trial being sufficient to authorize the inference that the original contract was abrogated and substituted by the alleged new agreement, and it appearing from the evidence that the lots when sold brought less than the stipulated sum which was a condition precedent to the plaintiff's right to earn any commission, the verdict found for the defendants was authorized.

3. Applying the principles announced above, the trial judge did not err, upon the ground that it was sought by parol evidence to vary the terms of a written contract, in admitting parol evidence tending to establish the abrogation of the contract sued on and the substituted agreement therefor.

4. It clearly appearing, from the nature of the evidence, that the jury necessarily found for the defendants upon the theory of a novation substituted for the original contract, any exception by the plaintiff to the failure of the court to give in charge to the jury any hypothesis as to the liability of the corporation or of any other defendant under the original contract, and to the charge of the court withdrawing from the jury's consideration the question of liability of certain of the defendants, was harmless to the plaintiff and did not constitute reversible error.     *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 24, 1923.

Complaint; from Walker superior court — Judge Wright. December 1, 1922.

*Norman Shattuck, Henry & Jackson,* for plaintiff.

*R. M. W. Glenn, Rosser & Shaw,* for defendant.