24979.   JONES *v.* COMMERCIAL CREDIT COMPANY.

*Ellis L. Cone, Jones, Fuller & Clapp,* for plaintiff in error.

*Woodruff & Ward,* contra.

GUERRY, J.   George S. Jones, assignee of Jones Auto Company, brought suit, in the municipal court of Atlanta, against Commercial Credit Company, to recover sixty-five dollars as due to the auto company by the credit company, evidenced by a writing signed by the credit company and payable to the auto company.   The defendant admitted the indebtedness, but pleaded a set-off in excess of the amount sued for.   The case was tried by a judge without a jury. He rendered judgment for the defendant, and overruled the plaintiff's motion for a new trial.   That ruling was affirmed by the appellate division of the court, and the plaintiff excepted.   The defendant's plea of set-off was based upon certain provisions of a written contract, called "Reserve Agreement," which was signed by the auto company and the credit company on July 1, 1932.   Under the contract the credit company agreed to purchase from the auto company promissory notes which the latter company received from retail buyers of automobiles.   The contract stipulated that the notes must be acceptable to the credit company and that they should be endorsed by the auto company "without recourse."   The contract was never rescinded and was in force on October 12, 1933.   On that day the auto company sold an automobile to W. B. Cochran, who made a cash payment on the purchase price, and gave a note for the balance, payable to the order of the auto company, and in monthly installments.   The note was secured by retention of title to the car.   On the same day the auto company sold the note and transferred the security to the credit company.   However, the note was endorsed by the auto company "with recourse," instead of "without recourse."   Cochran defaulted in his payments, and the credit company sold the car for a price which was insufficient to pay off the balance due on Cochran's note, and the balance still owed by him was more than the amount sued for by the plaintiff. As a consideration for the purchase of the notes taken by the dealer

from its customers, endorsed to the credit company "without re-course," the contract provided that the Jones Auto Company agreed that "if you repossess or recover any cars, covered by said notes for any reason, we will upon demand, repurchase such cars as ·is, from you, . . and will pay you for such cars in cash, an amount equal to the unpaid balance of the notes relating thereto." · ·

The indorsement of a promissory note in contemplation of law amounts to a contract of indorsement on the part of the indorser and in favor of indorsee and every subsequent holder, (1) that the instrument and antecedent signatures are genuine, (2) that he, the indorser, has a good title to the instrument, (3) that he is competent to bind himself by the instrument as indorser, (4) that the maker is competent to bind himself to the payment and upon due presenta-tion of the note will pay it at maturity, (5) that if when duly presented it is not paid by the maker, he, the indorser, will upon reasonable notice given him of the dishonor, pay the same to the indorsee or holder. Story on Prom. Notes 135, *Levy.* v. *Cohen,* 4 *Ga..* 1, 12; *McNeil* v. *Knott,* 11 *Ga.* 142. The effect of a blank. indorsement by the payee of a note is not merely to pass title, but to render the indorser liable individually thereon. *Hurt* v. *Wiley,* 18 *Ga. App.* 420 . (89 S. E. 494). Blank indorsements as between. maker and payee may be explained by parol. Code of 1933, § 38-509. Other indorsements are not exposed to a like modification. *Meador* v. *Dollar Savings Bank,* 56 *Ga.* 605-608. In the present case the so-called reserve agreement provided ·that when the credit company bought from the Jones Auto Company one of its customer's notes and contract of sale of an automobile, by a transfer *without recourse,* the Jones Auto Company agreed in consideration of such a purchase without recourse, that if the credit company repossessed or recovered the car for *any reason* from the purchaser, that they, the Jones Auto Company under the terms named in the contract would purchase from the credit company the car and "pay you for such cars, in cash, an amount equal to the unpaid balance of the notes relating thereto." The consideration moving to the credit. company for the purchase of such notes "without recourse" was the agreement of the Jones Auto Company to repurchase the car in case the credit company repossessed it from the purchaser. A.note bought from Jones Auto Company which was indorsed "with re-course" rather than "without recourse" carries no such obligation

on the part of Jones Auto Company, but relegates the purchaser to his action on the indorsement. It not being pleaded or proved that the indorsement "with recourse" of the note was the result of either accident, mistake or fraud, and it being shown that the credit company paid the Jones Auto Company the face value thereof, or the regular discount, there was a consideration for the indorsement, and unless otherwise provided in the indorsement, its effect would have been that of "with recourse." The parties might buy and sell notes under the "reserve agreement" or without the "reserve agreement." If the credit company had repossessed the car from Cochran and tendered it to the Jones Auto Company it could not have enforced the reserve contract agreement because the note was not indorsed "without recourse." This was a condition precedent before Jones Auto Company could be compelled to repurchase. The credit company was relegated to its rights under the indorsement as written and the judgment rendered was a proper one. The court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The decision of this case depends upon the answer to one question: Did the fact that the note was indorsed by the Jones Auto Company "with recourse" entitle the defendant to the set-off pleaded? There was no issue of fact raised by the evidence in the case, and, as stated in the brief of counsel for the plaintiff in error, "under the pleadings and the evidence, the only theory upon which the set-off could be sustained would be upon the assumption that the credit of Jones Auto Company was pledged as security for the payment of the Cochran note. This assumption must rest upon the special endorsement 'with recourse,' if at all. It follows that if the Jones Company's endorsement is so defective as to be of no legal force or effect, the defendant's set-off must fail." An endorsement on a promissory note is a contract, "and, like other contracts, must be supported by a consideration." *Knight v. Calhoun*, 33 *Ga. App.* 312 (125 S. E. 790), and cit. And while the endorsement in the instant case must be presumed to have been made for a consideration, that presumption was rebutted by the undisputed evidence. While, under the provisions of the "reserve agreement," the defendant company was not obliged to purchase the note in question, or any other note offered by the auto company,

even if the note were acceptable, it was obligated by the terms of the agreement, when it did elect to buy a note from the auto company, to buy it when endorsed by the auto company "without recourse," *if the note were acceptable to it* (the defendant) ; and the undisputed evidence was that the note in question was acceptable to the defendant, and the endorsement "with recourse" was not made at the defendant's request. This being true, the endorsement "with recourse," written by the auto company on the note, was made without any consideration, and, therefore, was null and void. The endorsement could not be treated as a new agreement, or as a novation of the original contract, since the first contract (the reserve agreement) was in full force and effect when the endorsement was made and the note purchased by the defendant, and there had been no new consideration or change in the parties. Code (1933), § 20-115; *Mitchell* v. *LaFayette Investment &c. Co.,* 30 *Ga. App.* 696 (118 S. E. 777) ; *Phelps* v. *Belle Isle,* 29 *Ga. App.* 571 (3) (116 S. E. 217). It follows from what has been said that the endorsement "with recourse" on the note was void for want of a consideration, and the defendant's plea of a set-off could not legally be sustained ; and the judgment for the defendant was contrary to law and the evidence.