## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

EXCHANGE AND BUILDING CO. V. ROANOKE GAS AND WATER CO.

June 29th, 1893.

WATER COMPANIES—*Powers*—*Meters.*—The charter of a water company pro-
vides that all water rates shall be uniform throughout the city for the
same class of service, and designates special charges for hydrants, but
also provides that the charge shall not exceed a certain sum per hundred
gallons for the amount supplied.

HELD:

The company may use either the hydrant as a means of charge or any
other reliable instrument which will measure the quantity used,
and charge some of its customers by the gallon, and at the same
time charge others by the hydrant, though it cannot lawfully dis-
criminate between water taxes of the same class.

Appeal from decree of circuit court of city of Roanoke,
rendered June 2, 1893.

The bill in this case was filed by the appellant, the Exchange
Building Company, of Roanoke City, seeking to enjoin the
appellee, the Roanoke Gas and Water Company, from placing
a water meter on the water pipe conveying water to the build-
ing of the said complainant, the Exchange Building Company.
The ground upon which the injunction was asked, is that the
said gas and water company was proceeding in excess of its
chartered powers by attempting to place a meter on the water
pipe in question, and charging, as the water company declared
its purpose to do, twenty-five cents per thousand gallons of
water used.   Whereas such meters were not placed on all the
water pipes of the said water company, but in many instances,

indeed, in the majority of cases the said company did not place meters in the water pipes nor charge the consumer or water taker by the gallon, but without meters charged $9 per hydrant, or a sum certain. And a provision of the charter of the water company is cited to the following effect, provided "that the water shall be supplied to such districts as furnish sufficient demand to make it remunerative to this company, and the water rates shall be uniform throughout the town for the same class of service," and again the provision in the said charter, "in consideration of allowing the transfer of privileges to it, the Roanoke Gas and Water Company agrees and binds itself to furnish water to the city fire hydrants for $25 apiece per annum, and to storehouses using only one hydrant at $9 apiece per annum."

That the several tenants of the complainant occupying apartments, stores, a boarding house, and a bank, each had a hydrant, and had by agreement paid directly to the water company heretofore $9 apiece for each hydrant in use in the building of the complainant, and there had been no other or greater charge against the complainant for water used in the building, whereas if the system should be changed the complainant would not know how to apportion the water rates between its tenants, and would suffer irreparable loss, for which there could be no adequate remedy at law; that the damages would be too uncertain to be properly and accurately ascertained.

The injunction was awarded according to the prayer of the bill. And subsequently the complainant amended its bill set forth, that from the date of its franchise the water company aforesaid had employed a system of charges based upon the number of hydrants and the purposes for which the water was used; but during the last twelve months the said water company had undertaken to place water meters upon such premises and in such houses as it might deem it to its advantage to do so, whilst leaving other premises and houses of the same

class of service, in the same section of the city, and upon the same streets, with water supply upon the old system, and that the effect is to destroy the uniformity of rates throughout the city.    And the complainant filed with its bill certain extracts from the charter of the water company, including those cited above and this additional clause:

"IV. That the charge made for water shall not exceed five cents per hundred gallons for the amount supplied, nor fifty dollars per annum for each hydrant for town use."

To these bills the defendant, the Roanoke Gas and Water Company demurred, and moved the court to dissolve the injunction awarded in the case.

Whereupon the circuit court sustained said demurrer and dissolved the injunction, and the plaintiff applied for and obtained an appeal to this court.

*Penn & Cocke*, for appellant.

*Watts, Robertson & Robertson*, for appellee.

LACY, J., (after stating the case) delivered the opinion of the court.

There is but one question disputed in this cause, the sole question at issue being whether the Roanoke Gas and Water Company, under and by virtue of its charter, is authorized to charge some of the consumers of water, or water takers in the city of Roanoke, by the gallon, and at the same time to charge others by the hydrant.    Or whether charging some of the said waters by the hydrant, it may, under its charter, nevertheless charge still others by the gallon, all other questions being conceded in the argument here by the appellee.

The charter does provide that "all water rates established shall be uniform throughout the town *for the same class of service.*"    And the charter does provide, as is also relied on by

the plaintiff, the appellant here, that "the charge for fire hydrants shall be $25, and for storehouses using only one hydrant, $9." But the charter also provides, as is urged by the appellee, "that the charge made for water shall not exceed five cents per hundred gallons for the amount supplied, nor fifty dollars per annum for each hydrant for town use."

These provisions are parts of the same instrument, and, if not inconsistent, should be construed together. And while it is clear that the water company cannot lawfully discriminate between water takers of the same class so as to make their water rates otherwise than uniform, yet by its charter the water company is authorized to use either the hydrant as a measure of charge, or use any reliable instrument which will measure the gallons used, and so enable it to charge by the gallon. The water rates must be uniform throughout the town *for the same* class of service, and the water company cannot charge on water more than another in the same class of service.

But the complaint in this case is that the water company is about to measure the water used by the plaintiff company. This the charter impliedly authorizes when it allows a charge by the gallon. And the further complaint is that this charge is twenty-five cents per thousand gallons, or two and a half cents per hundred gallons. This is expressly authorized by the charter, and it does not appear that this charge, which is only one-half of the charge allowed by the charter, will be greater than is charged by the hydrant at $9, and while the appellant has two stores, it has also a bank and a hotel among its buildings, and it could not claim that it is only one storehouse using one hydrant. But its water pipe supplies all of these, which are not of the class known as storehouses.

While a water company may be enjoined for exceeding its charter powers, there is no ground in this case to enjoin the appellee company from putting metres in its service pipes, such being plainly within the terms of its charter.

There was, therefore, no error in the action of the circuit court in overruling the demurrer of the defendant to the bills of the plaintiff and dissolving the injunction, and the said decree is therefore affirmed.

HINTON, J., dissented.

DECREE AFFIRMED.