WINBORNE & CO., INCORPORATED, v. FULTON BAG AND COTTON MILLS.

(Filed 23 February, 1916.)

**1. Vendor and Purchaser—Alternate Obligation—Election of Vendor.**

Where an obligation is in the alternative, the selection is usually at the will of the obligor; and where it is provided in a contract of sale of burlap bags that the seller shall not be liable for damages for failure to ship the goods under certain conditions, if imported, the terms specified refer to imported goods at the election of the seller to furnish them.

**2. Same—Contracts—Limiting Liability—Burden of Proof.**

The defendant contracted to sell and deliver burlap bags to the plaintiff, to be imported at his election, and by its terms excluding liability of the defendant for failure to deliver due to storms, etc., or other causes beyond his control. The failure of the defendant to deliver the goods was admitted. *Held*, the burden of the issue was on the defendant, and its evidence tending only to show that it had elected to supply imported goods for which it had placed its orders in foreign parts; that the goods had been shipped, but the vessel had never arrived in New York, is insufficient, and not meeting the requirement that the defendant show that the vessel was seaworthy or a proper one, or that it had exercised due diligence in performing the obligations of its contract.

**3. Same—Trials—Evidence—Appeal and Error.**

Where the seller of goods seeks to avoid liability for his failure to deliver them under the terms of the contract, under a stipulation therein that he should not be held responsible for conditions affecting their delivery which were beyond his control; and his evidence is insufficient to shift the burden of the issue placed on him, its rejection by the trial judge is not reversible error, though it is relevant to the inquiry.

**4. Vendor and Purchaser—Contract—Breach—Measure of Damages.**

Where the seller of goods has wrongfully failed to deliver them in accordance with his contract, the measure of damages is the difference between the contract price and the market value at the time when and the place where they should have been delivered.

APPEAL by defendant from *Peebles, J.,* at September Term, 1915, of CHOWAN.

Civil action to recover damages for alleged breach of contract on part of the defendant in failing to deliver 25,000 burlap bags, whereby plaintiff was greatly damaged.

On denial of liability, verdict was rendered as follows:

1. Was defendant's failure to deliver these bags to the plaintiff caused by conditions or circumstances beyond the defendant's control, as alleged?

2. What damage, if any, is plaintiff company entitled to recover?

The jury answered the first issue "No" and the second issue "$1,000 and interest."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Pruden & Pruden and S. Brown Shepherd for plaintiff.*
*W. M. Bond, Jr., and E. G. Bond for defendant.*

HOKE, J. Plaintiff declared on and offered in evidence a written contract of sale of the burlap bags for October delivery, 1914, signed by both of the parties, the portions of same relevant to the inquiry being in terms as follows:

Order No. 32.

Sold to WINBORNE & Co.

Routing, Norfolk, Va.   Ship about (see below).

Terms: Net 10 days.   Payable at New York in New York funds.

Subject to revision at any time by our credit department.

| Quantity | Brands | Price |
|---|---|---|
| 25,000 | Burlap Bags, 70 inches, 7½ oz. | at $78. |

Ship as ordered.   During October, 1914; mostly between 10th and 20th.

Freight prepaid to Norfolk.

FREIGHT.

It is agreed that seller shall not be liable for any damage for failure to ship goods, provided it should be prevented from so doing by storms, floods, fires, strikes, or any other condition or circumstance affecting either the safe arrival of goods, if imported, or in the factory of seller, or from any other cause beyond its control.

Defendant admitted the execution of the contract and failure to deliver, claiming in defense that by the terms of the agreement the contract contemplated and applied to "imported goods," and that the failure to import the same arose from causes beyond its control, and so not in breach of its obligations.

We are inclined to approve the position of the defendant that the contract referred to "imported goods," and, in any event, that it did so at the option of the defendant; the principle being that when an obligation is in the alternative, the selection is usually at the will of the obligor. *Horner v. Electric Co.,* 153 N. C., pp. 535-539, citing *Holmesley v. Elias & Cohens,* 75 N. C., 573; *Exchange and Building Co.,* 90 Va., 83; *Powell v. City of Duluth,* 91 Minn., 53; Page on Contracts, sec. 1391; 7 A. and E. (2 Ed.), 125.   But if this be conceded, we find no reversible error in the record to defendant's prejudice.

On the trial it was made to appear that these bags were made at Dundee, Scotland, from raw material procured in India; that imported goods were those that had to be so obtained after contract made, and bags already here in stock at such time were termed spot goods, and on the first issue, that as to liability, defendant offered witnesses for the purpose of showing that, electing to apply the contract to imported goods, defendant had placed an order for the raw material sufficient in quantity to fill its contract with plaintiff, and same had been shipped from Calcutta, India, in July, 1914, on the German steamer *Stumfeld;* that said ship sailed from Calcutta on 8 July, 1914, and same had never arrived at New York.

This evidence, on objection, was excluded by the court, and, being all that defendant proposed to introduce directly relevant to the issue, the

court very properly charged that a failure to deliver having been admitted, the burden of the issue was on defendant, and there were no facts in evidence to show legal excuse for its failure. Nor can the ruling of the court in excluding the evidence be held for reversible error, for, while the defendant, in our opinion, was entitled, at its election, to apply the obligations of the contract to "imported goods," it should be held to due diligence in procuring the same, the apposite terms of the contract justifying its failure only for "causes beyond its control," and the proposed evidence fails to meet such requirement. It does not show that the raw material was shipped in time for manufacture and subsequent delivery; that it was shipped on a seaworthy vessel or even one engaged in that line of business or along the usual route, or that the failure of the arrival and delivery of the goods could have been overcome by proper effort on defendant's part.

The evidence offered being, therefore, immaterial or clearly insufficient, if true, to have affected the result, its exclusion may not be held for reversible error, even though it may be in some respects relevant to the inquiry. *Smith v. Lumber Co.,* 142 N. C., 26; *Puffer v. Baker,* 104 N. C., 148.

On the issue as to damages the charge of the court, taken as a whole, presented the question fairly to the jury, directing them, in effect, that "if there was wrongful failure to deliver on the part of defendant, the measure of damages was the difference between the contract price and the market value at the time when and place where they should have been delivered."

The charge is in accord with the decision to which we were cited by counsel, *Tillinghast v. Cotton Mills,* 143 N. C., 268; *Hosiery Co. v. Cotton Mills,* 140 N. C., 452, and the verdict shows that the jury made fair and intelligent response to the ruling.

There is no error, and the judgment in plaintiff's favor must be affirmed.

No error.