### H. S. RICHARDSON v. CITY OF GREENSBORO ET ALS.

(Filed 14 November, 1917.)

**Municipal Corporations—Cities and Towns—Water-works—Flat and Meter Rates—Ordinances—Discrimination.**

An ordinance of a municipality furnishing water to its residents upon a flat rate, according to the faucets in the house, payable quarterly in advance, and also upon the meter plan, whereby the consumer pays only for the water used, which provides that "water meters will be used whenever in the judgment of the board they should be attached," is reasonable and valid; and where the city, at its own expense, has changed a consumer, at his request, from a flat to a meter rate, its refusal to change him back to the flat rate is reasonable and not necessarily discriminative; because there are small consumers upon the flat-rate basis.

CONTROVERSY without action, submitted at August Term, 1917, Superior Court of GUILFORD, *Harding, J.,* presiding.

From a judgment in favor of plaintiff, defendants appealed.

*A. S. Wyllie for plaintiff.*
*Charles A. Hines for defendants.*

BROWN, J. The purpose of this proceeding is to compel the defendants to furnish plaintiff water and sewerage service on what is known as the flat rate. From the facts agreed, it appears that the defendant city is the owner of, and operates, a municipal water and sewerage system. No separate charge is made for sewerage, as that is a part of the water service system. The rates for water service are computed according to one or the other of two methods—one called the flat and the other the meter rate.

By the flat rate a consumer's water rent is computed solely according to the number, nature and character of the faucets or openings in or

about his premises, and is a fixed sum, payable quarterly in advance. On the meter rate, a consumer's water rent is based solely on the actual amount of water used, at so much per thousand gallons, and is payable at the end of each and every month. Upon the failure of a consumer to pay his water rent when due, or within ten days thereafter, his water supply is cut off and his service discontinued. The greater number of residences in the city of Greensboro are now being furnished water at the flat rate, while about 500 of such residences are being supplied at the meter rate, without respect, however, to any classification.

In December, 1916, plaintiff, a citizen of Greensboro, requested defendants to install a meter on his premises, as he preferred to pay for only water actually consumed. This was done, at expense of defendants. In May, 1917, plaintiff requested defendants to take out the meter and put him on the flat rate. The defendants refused, informing plaintiff that when a consumer gave up the flat rate and required a meter to be put in, it was the policy of the city authorities to continue such consumer on the meter rate. Plaintiff contends that such refusal is an unlawful discrimination against him.

An ordinance of the city provides that "Water meters will be used wherever and whenever in the judgment of the board they should be attached."

We see no force in the contention that this ordinance is unreasonable and void. On the contrary, it appears to be a very wholesome check upon the flat-rate consumer to prevent the wasteful and extravagant use of water. We think there is nothing unreasonable in requiring a citizen who has voluntarily given up the flate rate and compelled the defendants to put in a meter to adhere to the water rate. If he were permitted to change his mind every month the city could be put to much inconvenience and expense.

There is no claim that the charge for water as measured by a meter is unreasonable, and that method is certainly as fair as can be devised, for under it a customer pays only for what he consumes. If he is wasteful and extravagant in the use of water, the loss falls on him, whereas under the flat rate it falls on the city.

Unless the city authorities are permitted to exercise some reasonable control over those who use the flat rate, that system may be grossly abused. These matters are purely administrative, and must of necessity be left to the sound discretion of the municipal authorities.

It is well settled that there is not necessarily any discrimination because meter rates are charged against certain consumers and flat rates against other consumers of the same class, nor because small consumers are charged by the room and large consumers according to the quantity of water used. 4 McQuillan on Mun. Corp., p. 3591.

This subject is fully discussed in *Powell v. Duluth,* 91 Minn., 53; *Steward v. Water Co.,* 90 Col., 635; *Bldg. Co. v. Water Co.,* 90 Va., 83, and by this Court in *Horner v. Electric Co.,* 153 N. C., 535.

The last case is on all-fours with the case at bar, and we can add nothing to what is said in the opinion.

Reversed.