## JARRETT *v.* CITY OF BOSTON.

Candler, Justice. Jarrett applied to the Superior Court of Thomas County for an injunction against the City of Boston, a municipal corporation of Georgia. In substance, his amended petition alleges: The defendant city owns and operates a waterworks system and sells water to its residents, including the plaintiff—a citizen and taxpayer thereof. It supplies 306 customers, only 157 of whom have water meters. Those who have meters, which includes the plaintiff, are required to pay a fixed monthly charge of 50 cents, and also $1.50 per month for the first 3000 gallons or less of water used, and 50 cents per month for each additional 1000 gallons or fractional part thereof. Those who do not have meters are required to pay a fixed monthly charge of 50 cents, and also $1.50 per month for all water used, regardless of the amount. When their water bills are paid within a specified time, those who have meters, and those who do not, are allowed the same discount of 33⅓ per cent on the minimum charge of $1.50, and those who have meters are also allowed a larger discount on a graduated scale upon any amount in excess of the minimum rate of $1.50. As it relates to the plaintiff, and those other residents and water-users similarly affected, the city's rates for and its manner of supplying water are unfair and discriminatory, contrary to law and public policy, and violative of several enumerated constitutional rights which they have as residents and water-users of the city. The prayers are for process; that the defendant city be restrained and enjoined from supplying water to any person who does not have a meter; that the defendant be restrained and enjoined from distributing water to any users of any class in any different manner from any other users of the same class; and that the plaintiff have such other relief as may appear proper. The amended petition was demurred to on both general and special grounds, and the exception is to a judgment sustaining them and dismissing the petition. *Held:*

1. Under its charter of 1921 (Ga. L. 1921, p. 700), the City of Boston has authority to own and operate a waterworks system, and the power of its governing body to fix water rates, and to regulate the distribution of water to consumers, is legislative or governmental in character. *Screws* v. *City of Atlanta,* 189 *Ga.* 839 (8 S. E. 2d, 16).

2. The governing body of a municipality has a discretion in the management of its property, and where such power is exercised in good faith, equity will not interfere. Code, § 69-203; *Wells* v. *Mayor &c. of Atlanta,* 43 *Ga.* 68; *Danielly* v. *Cabaniss,* 52 *Ga.* 211; *City of Atlanta* v. *Holliday,* 96 *Ga.* 546 (23 S. E. 509); *City of Atlanta* v. *Stein,* 111 *Ga.* 789 (36 S. E. 932). And where a municipality has charter power to do a particular act in a discretionary manner or way, the courts will not control the manner or way in which it acts unless its discretion is manifestly abused, nor inquire into the propriety and general wisdom of the undertaking, or into the details of the manner adopted to carry the matter into execution. *Chipstead* v. *Oliver,* 137 *Ga.* 483, 486 (73 S. E. 576).

3. Where a municipality, as here, owns and operates a waterworks system, it is fundamental that its rates for water must be uniform, in the sense that they must not be unreasonably or unjustly discriminatory as between consumers; but it is not of itself unreasonable or unjust discrimination to furnish water to some consumers at flat rates and to others of the same class at meter rates, even though the rate by the gallon actually used is ordinarily lower to the former than to the latter. 43 Am. Jur. 691, § 180; 67 C. J. (Waters) 1257, § 811; 4 McQuillin on Munic. Corp., (1912 ed.) p. 3591; Consolidated Ice Co. *v.* City of Pittsburgh, 274 Pa. 558 (118 Atl. 544); Richardson *v.* City of Greensboro, 174 N. C. 540 (94 S. E. 3); Parker *v.* City of Boston, 83 Mass. 361. As was held by the Supreme Court of Pennsylvania in the Consolidated Ice Company case, supra, the fact that flat rate consumers pay less per gallon for water than meter consumers does not show discrimination. A difference in conditions of service justifies a difference in charge; but when a difference in charge is based on a difference in service, it must have some reasonable relation to the amount of difference, and can not be so great as to produce an unjust discrimination. Western Union Telegraph Co. *v.* Call, 181 U. S. 92 (21 Sup. Ct. 561, 45 L. ed. 765). And in cases involving the rates of a city owned and operated waterworks system, it will be presumed, in the absence of a clear showing to the contrary, that the city's governing body properly performed its official duty, and did not exceed its authority, in fixing the city's water rates, adjusting them between the consumers upon a difference in conditions of service. Code, § 38-113; *Fine* v. *Dade County,* 198 *Ga.* 655, 663 (32 S. E. 2d, 246). So considered, the facts alleged in the petition in the instant case are not sufficient to show an unjust or unreasonable discrimination in the defendant city's water rates; and, this being true, it failed to state a cause of action for the injunctive relief sought and was, therefore, properly dismissed on general demurrer. Accordingly, no error is shown.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J.,*

*who dissents upon the ground he thinks that the equal protection guaranteed by the Constitution is denied; and Atkinson, P. J., and Wyatt, J., not participating.*

No. 18071. ARGUED JANUARY 13, 1953—DECIDED FEBRUARY 9, 1953.

*Jesse J. Gainey* and *James T. Gainey,* for plaintiff in error.
*Alexander, Vann & Lilly,* contra.