35470. SEARCY *et al. v.* STATE OF GEORGIA *et al.*

Decided March 7, 1955.

606

R. D. Smith, A. L. Kelly, Jr., Robert R. Forrester, for plaintiffs in error.

J. Bowie Gray, Solicitor-General, Spalding, Sibley, Troutman & Kelley, Pope B. McIntire, contra.

QUILLIAN, J. ■ The issue in the trial court was whether the voters residing in the Town of Rebecca, City of Sycamore, and City of Ashburn were legally qualified to vote. This issue turned upon the question as to whether the territory in which they resided composed independent school systems and was not included within Turner County School District. This court reviews the judgment of the court validating the bonds and incidentally deciding that the voters residing in the named municipality were qualified to vote in the bond election.

There was evidence authorizing the trial court to find that the territory within the City of Sycamore and the Town of Rebecca was originally, and had never ceased to be, embraced in that composing the Turner County School District. True the evidence showed that bond elections were held in each of those municipalities to raise money with which to build or buy and equip a school building. However, it appeared without dispute that the necessary procedure under Code § 32-1109 had not been complied with by either Sycamore or Rebecca, nor had either of them held a special election as required by its charter to determine whether there would be established with it an independent school system.

There was evidence authorizing the court to find that the City of Ashburn, though originally having within its boundary an independent school system, had abolished it and legally consolidated it with Turner County School System, so that it became

a part of the county school system, all as required by Code Chapter 32-12. It appeared without dispute that the election held for that purpose was legally called, advertised, and its results were proclaimed by its mayor, in 1945.

While no petition signed by registered voters of the City of Ashburn was in evidence, the order of the Mayor of the City of Ashburn calling the election to determine whether the act creating the city's independent school system would be repealed and the city's school system consolidated with that of Turner County, contained an unequivocal declaration that more than one-fourth of the qualified voters had filed a petition with the mayor requesting that an election be held for that purpose. The mayor was a public official, and it is presumed that his entries and orders were true. *Georgia Power Co.* v. *Fincher*, 46 *Ga. App.* 524 (168 S. E. 109); *Jarrett* v. *City of Boston*, 209 *Ga.* 530, 531 (74 S. E. 2d 549). Moreover, where elections are held under legally constituted authority, they are in the absence of proof to the contrary, presumed regular and valid. *Lepinsky* v. *State*, 7 *Ga. App.* 285 (4) (66 S. E. 965); *Walker* v. *Hall*, 161 *Ga.* 460 (1) (131 S. E. 160).

The trial judge did not err in holding that the territory embraced in the municipalities of Ashburn, Sycamore, and Rebecca was a part of that comprising the Turner County School District and in ordering the school bonds voted for that school district validated.

■ The intervenors interposed an objection to the order of the Mayor of Ashburn calling the election, to decide whether the establishment of the special school law would be annulled and its school system be consolidated with that of the School District of Turner County; the oath taken by the election managers officiating at the election; and their returns showing its results. The ground of the objection was that these documents did not constitute proof of the matters contained in them, especially that they were not proof that one-fourth of the qualified voters of the City of Ashburn filed a petition with the Mayor of the City of Ashburn requesting that the election be held. We have held in this opinion that the order of the mayor was evidence that the required number of the city's registered voters had petitioned him that the election be held, and the other documents objected

to were not offered for the purpose of showing that fact, but were pertinent and competent evidence to show that the election was in fact held and resulted in the abolition of the City of Ashburn's school system and the consolidation of its school system with the county system. The objection was not well taken.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*