ANDREW J. FLOYD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

Unless there be great superiority in physical strength of an assailant, who strikes another a blow with his fist, or ill-health in the assailed at the time, or other circumstance producing relatively great inequality between them in combat, the assailed cannot justifiably resent the blow by stabbing the assailant.

The general rule is, that whether the stabbing is in self-defence depends on the nature and violence of the assault made on him who stabs.

*Indictment for Stabbing.    Motion for new trial.    Decided by Judge* HOLT. *Burke Superior Court, November Term, 1860.*

Floyd stood conversing with the two Messrs. Brinson. He had open in his hand such a knife as farmers carry, and was perhaps whittling or cleaning his finger nails.

Whilden approached and asked Floyd if he had been accusing him of collecting money for his (Floyd's) slave and stealing it. Floyd said he did. Immediately Whilden struck Floyd with his fist, and Floyd stabbed him, and pur-

suing Whilden, who walked backward, continued stabbing him.

Whilden drew his knife; Floyd ran; Whilden caught him and stabbed him. An interval occurred while each was examining his wounds: Whilden got an axe-helve, ran after Floyd, (who retreated,) and beat him.

The Court charged the jury that, if they found against the defendant the fact of stabbing as alleged in the indictment, they must inquire whether or not the stab was inflicted in defendant's own defence; that the degree of violence which defendant might use, and the weapon he might employ, must depend upon the nature and violence of the assault. The Court read to the jury the twelfth, thirteenth, fourteenth, fifteenth and sixteenth sections of the fourth division of the Penal Code, relating to homicide, as the law governing the measure and extent of self-defence in this case.

The jury found the defendant guilty.

He moved for a new trial upon the grounds—

1st. That the verdict is contrary to law.

2d. That the verdict is strongly and decidedly against the weight of evidence.

3d. That the verdict is contrary to law and evidence.

4th. That the Court erred in charging the jury in manner and form aforesaid.

The Court refused the new trial, and defendant excepted.

JOHN K. JACKSON and JONES & STURGIS, for plaintiff in error.

ALPHEUS M. RODGERS, attorney-general, by AKERMAN, for the State.

HARRIS, J.

The general rule in criminal law in reference to assaults made on a person, and how they may be repelled *defensively,* is that contained in the charge of Judge Holt to the jury, which tried this indictment, "that whether the stabbing by plaintiff in error amounted to *self-defence,* depended on the

nature and violence of the assault made on him." In this case the plaintiff in error received a blow with the fist of the assailant. As it does not appear by the record that there was great superiority in physical strength on the part of the assailant over that possessed by Floyd, nor it appearing that Floyd was in ill-health at the time, nor other circumstance existing at the time which produced relatively great inequality between them for sudden combat, we are not able to find any fact in the case which could justify him in repelling the blow of the fist by the use of his knife. As a general rule, it may safely be asserted that the law will not excuse or justify a man who repels a blow given him with the fist, by stabbing the assailant.

Judgment affirmed.