### 13425. PHELPS *v.* BELLE ISLE.

1. A notice given under the Civil Code (1910), § 4252, to the maker of a promissory note including an obligation to pay attorney's fees sufficiently indicated the holder of the note when signed by S. as attorney for B., in whose behalf the suit was subsequently brought. B. was therefore prima facie the holder of the note. In this case the notice was sufficient. *Aycock* v. *Tillman,* 14 *Ga. App.* 80 (80 S. E. 301).

2. Evidence of a universal custom that vendors of a certain make of automobiles when selling on credit required the purchasers to keep the property insured for the benefit of the vendor until paid for is irrelevant as establishing any obligation, by implication, as a part of the contract of sale, upon the vendor to procure such insurance, in lieu of the obligation of the vendee to procure the same, as contained in the written contract of purchase and sale.

3. While parol evidence is admissible to prove a new and distinct agreement subsequent to the original written contract in reference to the same subject-matter (Civil Code (1910), § 5794), such new agreement must be based upon a valuable consideration and embody the essentials of a new contract. *Smith* v. *Newton*, 59 *Ga.* 113 (5); *Denson* v. *Battle*, 17 *Ga. App.* 575 (2) (87 S. E. 842); *Camp* v. *Interstate Chemical Co.*, 18 *Ga. App.* 416 (4) (89 S. E. 481); *Purser* v. *Rountree*, 142 *Ga.* 836 (3) (83 S. E. 958).

4. Applying the foregoing principles to the facts of the instant case, there was no error in overruling the certiorari. Such a judgment was even demanded.

5. The judgment of the superior court which upon the hearing of the certiorari was rendered in favor of the defendant therein for the amount recovered by him in the municipal court, with costs, implies the dismissal of the certiorari, and is not subject to the exception that it was error to enter such judgment without either overruling or sustaining the certiorari. If there was error at all, it was error without injury. Civil Code (1910), § 5205. See, in this connection, *Whitfield County* v. *Hogan*, 17 *Ga. App.* 685 (87 S. E. 1087).

DECIDED FEBRUARY 14, 1923.

Certiorari; Fulton superior court — Judge Pendleton. January 30, 1922.

A. L. Belle Isle sued J. P. Phelps in the municipal court of Atlanta upon promissory notes for a balance of the purchase-money of an automobile, for which another automobile was exchanged in part payment. The defendant's demurrer, upon the ground of the alleged insufficiency of the notice given by the plaintiff for the purpose of collecting attorney's fees, was overruled. The written contract of sale contained a stipulation to the effect that the purchaser would keep the automobile insured for the benefit of himself and the vendor until payment of the purchase-price. The defendant set up that after the execution of the notes and the contract he requested the plaintiff to procure insurance in his behalf, and the plaintiff assented, but failed to do so; that the defendant did not know of such failure until after the automobile was burned; and that the insurance, if procured, would have been sufficient to satisfy the indebtedness. The defendant by his evidence sought to show these facts, and also that at the time of the agreement the plaintiff had or ought to have had an insurance policy upon the car that had been exchanged in part payment for the new one, and that this policy should not have expired until after the date of the destruction of the automobile; that his request was that this policy of insurance be transferred to the new

car. He offered to testify to the effect that there was a local custom by which automobile dealers selling this kind of car required the purchasers to keep the property insured until paid for, and he tendered evidence by other witnesses of a universal custom to that effect. He offered also to prove that the vendor had caused the cancellation of the policy in question a day or two before the notes and contract here involved were executed, but that he (defendant) did not know of such alleged surrender or cancellation at the time of the transaction, nor until after his car was burned. All the evidence offered by the defendant was disallowed or excluded, and judgment was rendered in behalf of the plaintiff for principal, interest, attorney's fees, and costs. The defendant carried the case by certiorari to the superior court, where, without either sustaining or dismissing the certiorari, the court entered a judgment in favor of the plaintiff for the sum recovered in the municipal court. The defendant then brought the case here by bill of exceptions.

*T. B. Higdon,* for plaintiff in error. *W. F. Slaton Jr.,* contra.

BELL, J. (After stating the foregoing facts.) Applying to the facts above stated the principles of law stated in the headnotes, there was no error in " overruling " or dismissing the certiorari; and the form of the judgment was sufficient to imply such action.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*