DAVISON, tax-collector, *et al.* v. WOOLWORTH COMPANY.

No. 12437. SEPTEMBER 16, 1938.

*B. B. Zellars,* for plaintiffs in error.

*Alston, Foster, Moise & Sibley, Erwin & Nix,* and *William B. Spann Jr.,* contra.

GRICE, Justice. ■ F. W. Woolworth Company seeks to enjoin the sale of its property under an execution for the tax imposed by paragraph 50 of the general tax act of 1935, which reads as follows: "Electrical Contractors. Upon all electrical contractors, $25.00 for each county. The term 'electrical contractor' as used in this paragraph shall be held to mean each person, firm, or corporation who shall engage in installing, repairing, and/or selling electrical wiring or equipment." Its resistance to the payment of the tax rests upon its contention that although it operates a retail mercantile business and is engaged in selling a small supply of

electrical wiring, bulbs, light sockets, and other electrical supplies, it is not liable for the tax, because at no time has it engaged in installing or in repairing any electrical equipment, and therefore is not an electrical contractor. The State taxing authorities' interpretation of the paragraph above quoted is that it imposes a tax on the merchant selling electrical wiring or equipment, whether or not such merchant engages in installing or repairing electrical wiring or equipment. The argument for defendant in error is in part that the pertinent paragraph of the act places a tax on electrical contractors only; that in general a contractor is a person engaged in the business of making contracts for the improvement of real estate; that while in a general sense any person who is a party to a contract may be said to be a contractor, this is not the ordinary and common use of the term. *Pittsburgh Plate Glass Co.* v. *Peters Land Co.,* 123 *Ga.* 723 (51 S. E. 725); *Central of Georgia Ry. Co.* v. *Shiver,* 125 *Ga.* 218, 220 (53 S. E. 610). Further, that we have statutes clearly indicating a distinction between a person who contracts for the improvement of real estate, and a materialman who furnishes material for the improvement of real estate. Code, §§ 67-1701, 67-2001. And that the part of the tax act here dealt with, and our statutes giving liens to contractors and materialmen, and inferentially distinguishing between the two, should be construed in pari materia. This argument loses its force, we think, in view of the fact that the paragraph itself defines what is meant by the term "electrical contractor" as used in this paragraph. This was the equivalent of declaring that no matter what the term indicates in other statutes, its meaning as here used was to be found in the definition as given in the paragraph itself. The act defines the term as there used. Our task is to construe the definition. The difficulty arises from the use of "and/or." Is the tax laid on each person who shall engage in installing, *and* repairing *and* selling electrical wiring or equipment? or on each person who shall engage in installing, *or* repairing, *or* selling electrical wiring or equipment?

We recognize the rule that tax acts, including acts imposing taxes on occupations, are to be strictly construed against the government. *Mayor &c. of Savannah* v. *Harbridge,* 8 *Ga.* 23; *Mystyle Hosiery Shops* v. *Harrison,* 171 *Ga.* 430 (155 S. E. 765). But we must not lose sight of another rule which admonishes us that however

awkward and unusual the language of a statute may be, the legislative intent manifested by it must be ascertained and enforced as the law. *Torrance* v. *McDougald,* 12 *Ga.* 526 (3); *White* v. *State,* 121 *Ga.* 592 (49 S. E. 715); *Lee* v. *Tucker,* 130 *Ga.* 43 (60 S. E. 164). If the word combination "and/or" has a well-defined meaning recognized in legal parlance, it is the duty of this court to give the statute in which it is used that construction which is in harmony with that meaning. If in doing so the authorities lead us to the conclusion that it was the purpose of the General Assembly to tax one in the situation of the defendant, the rule of strict construction will not have been violated. The expression "and/or" has been before the courts a number of times and has been frequently criticised. In Employers Mutual Liability Ins. Co. *v.* Tollefsen, 219 Wis. 434 (263 N. W. 376), it was said: "We are confronted with the task of first construing 'and/or,' that befuddling, nameless thing, that Janus-faced verbal monstrosity, neither word nor phrase, the child of a brain of some one too lazy or too dull to express his precise meaning, or too dull to know what he did mean, now commonly used by lawyers in drafting legal documents, through carelessness or ignorance or as a cunning device to conceal rather than express meaning with view to furthering the interest of their clients." While disavowing the expressions used by the learned judge in his classification of those who are responsible for its choice, the writer deplores the use in contracts and statutes of that hybrid, contradictory combination, frequently as bewildering, mystifying, and perplexing as Poe's raven—or was it fiend? "on the Night's Plutonian shore." 3 C. J. S. 1069, deals with this word combination, and analyzing the holdings of the various courts says in the text that the meaning of "and/or" may be clear, supplying the intention either that effect shall be given to both the conjunctive "and" and the disjunctive "or," or else that the one word or the other may be taken accordingly as the one or the other will best give effect to the purpose intended as gathered from the instrument taken as a whole, and for that purpose to use either "and" or "or," and be held down to neither; and that on the other hand it has also been said that, as sometimes used, the term is ambiguous.

We think that what the legislature intended was that paragraph 50 of the general tax act of 1935 is to be read by using the word

"and" or the word "or," interchangeably between the words "installing," "repairing," and "selling," so as to impose the tax provided in said act on any person who shall engage in installing, repairing, and selling electrical wiring and equipment, or who shall engage in any one of them. To hold otherwise would be to entirely ignore the disjunctive "or." Since there is a construction permissible, under the authorities cited in the note to 3 C. J. S. 1069, which will permit us to do so, the rule that we are to give effect, if possible, to every word in a statute, requires us to adopt this construction.

■ It is further contended that if the act, properly construed, undertakes to impose a tax on the defendant in error, then it is unconstitutional because violative of our requirement as to uniformity (art. 7, sec. 2, par. 1; Code, § 2-5001), requiring that "all taxation shall be uniform upon the same class of subjects." The argument is that a legislative classification that disregards the clear distinction between contractors and materialmen, as commonly understood, as embraced in our lien statutes, and as defined by repeated decisions of this court, is fairly subject to the criticism that it is unreasonable and arbitrary. In *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795), this court dealt at length with the power of the legislature to make classification of subjects for occupation taxes; and it was said that in doing so the lawmakers might make subclassifications. In *Guerry* v. *Harrison,* 178 *Ga.* 669 (173 S. E. 831), it was said that the General Assembly, in the imposition of occupation taxes, may subdivide into different classes persons engaged in the same business but under different conditions and surroundings. In *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 114 (25 S. E. 249, 35 L. R. A. 497), it was ruled that the uniformity required by the constitution is not violated so long as a given tax is made uniform upon all individuals belonging to the particular class on which it is imposed. In that case the contention was that the tax was not uniform, because none was required of retailers of machines who were not manufacturers. It was held that such contention was unsound. There is nothing in the paragraph of the act involved in the instant case which violates the rule against uniformity. It was error to enjoin collection of the tax.

*Judgment reversed. All the Justices concur.*