## RALLS *v.* E. R. TAYLOR AUTO COMPANY.

No. 15732. APRIL 15, 1947.

*J. T. Thomasson,* for plaintiff in error.

*Duke Davis, Wilson Darden,* and *Horace E. Richter,* contra.

DUCKWORTH, Presiding Justice. That the expression "and or" is equivocal and is neither positively conjunctive nor positively disjunctive, is settled by the decisions of this court beyond reasonable doubt. In *Henderson* v. *Nolting First Mortgage Corp.,* 184 *Ga.* 724, 734 (193 S. E. 347, 114 A. L. R. 1022), it was said: "As an allegation in pleading it is an equivocal connective, being neither positively conjunctive nor positively disjunctive. Standing alone and construed most strongly against the pleader, it might perhaps be treated as disjunctive only. . Seemingly, it should in most cases be subject to special demurrer and in some instances it might render the whole pleading subject to general demurrer." While in *Davison* v. *Woolworth Co.,* 186 *Ga.* 663 (198 S. E. 738, 118 A. L. R. 1363), this court applied other recognized rules of construction to a tax act and gave meaning to the expression "and/or," it was there recognized that such tax laws must be strictly construed against the government, but applied as well another rule requiring that effect be given to the legislative intent, thereby arriving at the conclusion that the law under consideration made the tax applicable to the occupations there named. This court, however, there recognized that the expression had been frequently criticized by the courts, and disavowing expressions used by the judge in a cited Wisconsin case said: "The writer [Grice, J.] deplores the use in contracts and statutes of that hybrid, contradictory combina-

tion, frequently as bewildering, mystifying, and perplexing as Poe's raven—or was it fiend? 'on the Night's Plutonian shore.' " It is thus made plain that the expression is equivocal, uncertain, and not positive.

We move on to a consideration of the statutory law authorizing dispossessory proceedings found in Chapter 61-3 of the Code. It is well to keep in mind that the summary proceeding there provided is the only lawful manner by which a tenant may be summarily and forcibly evicted. By that procedure a tenant is compelled to surrender possession of the land, and unless arrested by a counter affidavit and bond as provided in the Code, § 61-303, the dispossessory warrant is a final process. The basis or foundation in law for the issuance of the warrant is specified in § 61-301. It is there provided that, when the tenant shall hold over and beyond the term of his lease or shall fail to pay the rent when due, or when the tenant holds possession at will or sufferance and refuses to surrender possession on demand, the owner may make oath before the proper officer of such fact or facts. The next section provides that, when such affidavit has been made, such officer shall issue a dispossessory warrant. It is obvious that a landlord may not claim any right to maintain such dispossessory proceeding unless and until he has laid the indispensable foundation, which is an affidavit positively stating that one or more of the specified grounds is true. Once the warrant is issued, however, the sheriff or other officer is required to remove the tenant with his property away from the premises and deliver the same to the owner or his agent. The tenant may be heard only by complying with the requirements of the Code, § 61-303, wherein it is provided that he must file a counter affidavit denying the existence of the grounds stated in the affidavit upon which the warrant issued, and give bond payable to the landlord for the payment of such sum with costs as may be recovered against him on the trial. We have been unable to find a decision of this court dealing with the exact question here involved, but there seems to be no reason why the requirements here as to a positive and unequivocal averment of the existence of lawful grounds for the warrant would be less than the requirements in an attachment case. *Brafman & Son* v. *Asher,* 78 *Ga.* 32, was a case involving an attachment for purchase-money, and the grounds on which such attachment is authorized by law

were stated in the affidavit in the disjunctive. The attachment was dismissed upon motion based upon the ground that the affidavit was not sworn to positively. This court affirmed the judgment. It was recognized in the opinion that such an affidavit would be good if it alleged all of the grounds positively or if it alleged any of the grounds positively, citing *Kennon* v. *Evans,* 36 *Ga.* 91. But it was stated that, since the affidavit there alleged that the property was held for the benefit of one Asher or in fraud against the plaintiff, it was ambiguous and not positive; that the property was held, according to the affidavit, for the benefit of Asher or in fraud against the plaintiff, which "is not positively stated; it may be held the one way or the other; either way is a good ground of attachment; both ways furnish likewise good ground of attachment, if the same be positively stated; and neither way will be a good ground unless positively stated. 60 *Ga.* 113; 71 *Ga.* 859. The affidavit in this case being uncertain, in the alternative, and not positive as to the grounds, is defective, and the court committed no error in dismissing the same." To the same effect see *Meinhard* v. *Neill,* 85 *Ga.* 265 (11 S. E. 613). The same may be said of an affidavit which is the foundation for a dispossessory warrant. It is sufficient if it alleges all of the grounds positively or if it alleges any of the grounds positively, but it is insufficient although it alleges one of the grounds, followed by the ambiguous expression "and or," and alleges another ground. Until the landlord knows positively and is willing to swear positively that one or more of the grounds exist, he has no lawful right to complain or any right to prosecute the proceeding.

Apparently, the Court of Appeals, while recognizing that the affidavit here referred to is defective in that the grounds are not positively alleged, is bothered about the question whether this defect must be attacked by special demurrer or may be reached by a motion to strike. In *Brafman & Son* v. *Asher,* supra, the motion to strike was held to be a proper attack in the attachment case. It would seem, therefore, that by analogy a motion to strike would properly reach the defect in a dispossessory proceeding. While in *Doyal* v. *Russell,* 183 *Ga.* 518, 534 (189 S. E. 32), it was stated that, "if both alternatives are good in substance, the petition might be subject to special demurrer for duplicity, but would not be subject to general demurrer," neither of the alternatives in the present

case is good in substance because a vital element is positiveness. Therefore, whether tested by the general rule applicable to pleadings generally, as just quoted from the decision of this court, or by the rule applicable in summary proceedings as in attachment, the defect here may be reached by a motion, since neither of the alternatives as alleged is good in substance.

Although the defect in the affidavit here was amendable *(McDonald v. Kimball Co.,* 144 *Ga.* 105 (2), 86 S. E. 234), it is a defect of substance as well as of form, and until amended renders the affidavit insufficient and subject to a general attack whether by demurrer or motion. Question No. 1 is answered in the negative. This renders unnecessary answers to the other questions.

*Question answered. All the Justices concur.*