36068, 36082. SAYLOR *et al. v.* WILLIAMS, Commissioner; and *vice versa.*

DECIDED MARCH 8, 1956—REHEARING DENIED MARCH 26, 1956.

*Phillips, Johnson & Williams*, for plaintiff in error.

*Eugene Cook, Attorney-General, H. Grady Almand, Jr., Assistant Attorney-General, Benjamin B. Blackburn, III*, contra.

QUILLIAN, J. 1. The trial judge committed no error in denying the motion to dismiss the affidavit of illegality. No statute of this State makes one who has sold a business and retired liable for sales taxes accruing against the buyer after the sale.

2. It was error to deny the oral motion to dismiss the levy. The most commonly accepted definition of the expression "and/or" is that it means either "and" or "or." 3 Words & Phrases 640. It is clear from this definition as well as from the holding in *Ralls v. E. R. Taylor Auto Co.*, 202 *Ga.* 107 (42 S. E. 2d 446), that, in construing the term when employed in pleading, it does not mean both. Hence a pleading that does not disclose which of the meanings is to attach—whether "and" or "or"—is too indefinite to constitute a positive allegation that the persons, objects, or events to which the expression is applied are referred to alternatively or collectively. In *Varnell v. Speer*, 55 *Ga.* 132, it is held: "When the parties are not set out with sufficient certainty to ascertain who are the defendants to a suit, no valid judgment can be rendered against any one." In *Ralls v. E. R. Taylor Auto Co.*, supra, is found the pronouncement: "Where the affidavit under Code § 61-301, alleging one ground for dispossessing a tenant, is followed by the words 'or and' and then another ground, it is not

646

a positive allegation of either ground, and is subject to an oral motion to dismiss."

3. Since the affidavit of illegality contained the same ground as that asserted in the oral motion to dismiss the levy, the motion was the appropriate method of attacking it. *Hill* v. *DeLaunay*, 34 *Ga.* 427.

4. We see no reason why the general principles applicable to pleadings should not be employed in construing the fi. fa. issued by the commissioner, since its office is to assert that the defendant or defendants in fi. fa. are liable for the taxes, interest, and penalties for which it issues, and their property is subject to be levied upon to satisfy those demands.

*Judgment reversed on the main bill of exceptions and affirmed on the cross-bill of exceptions. Felton, C. J., and Nichols, J., concur.*