19523. SHADDEN *et al. v.* COWAN *et al.*

MOBLEY, Justice. The petitioners, alleging themselves to be "patrons of the Cartersville public school system and/or taxpayers of the City of Cartersville," brought this action against the Mayor and Board of Aldermen of the City of Cartersville. Their petition alleged the following: On June 8, 1956, the defendants passed an ordinance providing that no school budget or supplemental budget should be submitted and none should be considered or approved by the board of aldermen until the same was first approved in writing by the superintendent of public schools and the board of education of the city. The defendants have instituted proceedings to effect the removal of four members of the city's board of education, said proceedings being based upon trumped-up, fabricated charges. The above ordinance is illegal and void and was passed to make the Cartersville Board of Education subordinate to the dictates and wishes of the superintendent of the public schools of the city; to deprive the board of authority to carry out its legal obligations; to embarrass and harrass the board in its administration of the city's schools; to promote the resignation of certain board members; to impose upon the board the dictatorial wishes of the superintendent. The trial of the board members under the alleged trumped-up charges will create discord, dissension, and general disruption of the operation of the Cartersville schools, and the petitioners fear the removal of Cartersville's schools from the Southern Accredited List of Secondary Schools should such trial be concluded. Petitioners have no adequate remedy at law to protect their interest in the orderly operation of the public-school system and to prevent the damages that will result from removing the Cartersville public schools from the Southern Accredited List. The prayers were that the ordinance passed on June 6, 1956, be declared null and void, and that the defendants be temporarily and permanently restrained from proceeding with the trial of the four members of the city board of education. Upon

a hearing of the demurrers filed by the defendants, the trial court sustained the general demurrer, but declared the ordinance above referred to null and void. The plaintiffs in error except to the sustaining of the defendants' general demurrer. The defendants in error have filed a motion to dismiss so much of the plaintiff in error's appeal as requires for consideration the action of the trial court in ruling that the section of the above ordinance is null and void which requires the budget submitted by the board to be first approved by the superintendent of schools. The motion is predicated upon the ground that such question has become moot, inasmuch as the board of aldermen, on August 3, 1956, passed an ordinance striking from the ordinance of June 8, 1956, that portion which was declared null and void by the trial court. *Held:*

1. Whether or not the question referred to in the motion to dismiss has become moot, the petitioners in the trial court contended that paragraph 3 of the ordinance was null and void, and prayed that it be so declared, which the trial court did. Though the petitioners except to the sustaining of the defendants' general demurrer, the exception thereto does not require a ruling by this court upon decisions by the trial court which are favorable to the excepting party. *Hardin* v. *Almand*, 64 *Ga.* 582 (4) ; *Southern Cotton Oil Co.* v. *Thomas*, 155 *Ga.* 99 (5) (117 S. E. 456).

2. The petitioners bring this action for injunctive relief, alleging themselves to be "patrons of the Cartersville public school system and/or taxpayers of the City of Cartersville." The use of the equivocal term "and/or" has been often criticized. *Henderson* v. *Nolting First Mtge. Co.*, 184 *Ga.* 724, 734 (193 S. E. 347, 114 A. L. R. 1022) ; *Davison* v. *Woolworth Co.*, 186 *Ga.* 663 (198 S. E. 738, 118 A. L. R. 1363) ; *Saylor* v. *Williams*, 93 *Ga. App.* 643 (92 S. E. 2d 565). Until the case of *Ralls* v. *E. R. Taylor Auto Co.*, 202 *Ga.* 107 (42 S. E. 2d 446), was decided by this court, the effect of the use of such term in pleadings had not been settled. In that case, in answer to a certified question by the Court of Appeals, this court held: "Where the affidavit under the Code, § 61-301, alleging one ground for dispossessing a tenant, is followed by the words 'or and' and then another ground, it is not a positive allegation of either ground, and is subject to an oral motion to dismiss." In the opinion (p. 110) it was said: "While in *Doyal* v. *Russell*, 183 *Ga.* 518, 534 (189 S. E. 32), it was stated that, 'if

both alternatives are good in substance, the petition might be subject to special demurrer for duplicity, but would not be subject to general demurrer,' neither of the alternatives in the present case is good in substance because a vital element is positiveness. Therefore, whether tested by the general rule applicable to pleadings generally, as just quoted from the decision of this court, or by the rule applicable in summary proceedings as in attachment, the defect here may be reached by a motion, since neither of the alternatives *as alleged* is good in substance." (Italics ours.) In the instant case, the petitioners do not allege themselves to be patrons of the Cartersville public school system or taxpayers of the City of Cartersville. They do not state in what capacity they seek equitable relief. Before they would be entitled to maintain a cause of action as taxpayers against the defendants, they must allege that they are in fact taxpayers and must allege facts to show that they are entitled to the relief sought. Likewise, to maintain an action as patrons of Cartersville's public schools, they must positively allege that they are such patrons and as such are entitled to the relief for which they pray. The fact that an action might be maintained by taxpayers or that an action might be maintained by patrons of a public-school system, provided sufficient facts are alleged to show that complainants are entitled to the relief sought, will not save the instant petition from dismissal where it fails to allege positively what in fact is the petitioners' basis for seeking equitable relief. Where, as here, they seek to predicate their right to bring their action as members of a class, they must allege positively that they belong to such a class as would be authorized to maintain the action. We do not pass upon the question whether the petitioners have alleged a cause of action as taxpayers or as patrons of the Cartersville public-school system, as that question is not reached. Nothing is alleged in the petition to sustain the petitioners' cause of action as private citizens. *Board of Public Education* v. *Felder*, 116 *Ga.* 788 (2) (43 S. E. 56). The petition failed to allege a cause of action, and the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*

Submitted November 13, 1956—Decided February 12, 1957.

*Paul F. Akin, Warren Akin, Marion W. Corbitt, Charles Shaw, J. R. Cullens,* for plaintiffs in error.
*Pittman & Greene, C. C. Pittman, Wm. A. Ingram, Ingram & Tull,* contra.