### 37000. BRANNEN *v.* LANIER.

FELTON, Chief Judge. 1. Where a plaintiff sues on a special or express contract he cannot recover on a quantum meruit. *Baldwin* v. *Lessner,* 8 *Ga.* 71; *Alford* v. *Davis,* 21 *Ga. App.* 820 (4 c) (95 S. E. 313); *Shropshire* v. *Heard,* 27 *Ga. App.* 256 (107 S. E. 892); *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.,* 28 *Ga. App.* 391 (111 S. E. 220). Therefore, the court erred in its charge in authorizing the jury to return a verdict for the plaintiff based on quantum meruit where the plaintiff sued on an express contract in the amount of $822.89, introduced evidence to prove his allegation, and where the jury returned a verdict for $625 in favor of the plaintiff.

2. The above principle of law does not work an undue hardship on a plaintiff even in a case like this where the evidence demands a finding that the plaintiff had rendered a valuable service and had not received reasonable compensation therefor; nor does it put the plaintiff to an election of suing on one theory to the exclusion of the other. A plaintiff may cast his petition originally in two counts; one on an express contract and one on quantum meruit, or, he may by amendment add a new count based on quantum meruit to a petition based on an express contract. *Kraft* v. *Rowland & Rowland,* 33 *Ga. App.* 806, 808 (128 S. E. 812). There is nothing in *Davenport* v. *Pope,* 96 *Ga. App.* 800 (101 S. E. 2d 614) contrary to what we have just said. There it was held because of prior decisions by which we are bound that an action on quantum meruit cannot by amendment be *converted* into one on an express contract.

The court erred in denying the defendant's amended motion for a new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*

DECIDED JANUARY 28, 1958.

*W. G. Neville, Wm. J. Neville, Ralph U. Bacon,* foɪ plaintiff in error.

*Fred T. Lanier, Robert S. Lanier,* contra.