41750. GEORGIA REALTY & INSURANCE COMPANY v. OAKLAND CONSOLIDATED OF GEORGIA, INC. et al.

ARGUED FEBRUARY 7, 1966—DECIDED FEBRUARY 28, 1966.

*Walter W. Calhoun, Sid Kresses,* for appellant.

*Fine & Rolader, Joseph J. Fine, D. W. Rolander, Stephens D. Mitchell,* for appellees.

FELTON, Chief Judge. Count 1 alleges a listing agreement between the plaintiff and defendant Chennault and an acceptance by Chennault of its co-defendant's offer, which stated a cause of action for the payment of the commission by defendant Chennault, both under the listing agreement and by virtue of the fact that Chennault was the seller, who is normally liable for the commission. *National City Bank of Rome v. Graham,* 105 Ga. App. 498, 507 (125 SE2d 223). It is further alleged that there was an agreement between the plaintiff and defendant Oakland, under which the plaintiff was to negotiate with Chennault for the purchase of the property. Still another contract, the one whereby both defendants are alleged to have agreed to pay the plaintiff's commission, is alleged, but it is not alleged that the defendants *jointly* agreed to pay a single commission. Involved here, then, is more than one contract. All the parties to this action are not parties to each of said contracts, therefore there is a misjoinder of parties defendant. Since a verdict could have been based on any one of these contracts, the action is also multifarious. Count 1 was therefore properly dismissed on general demurrer after none of the amendments thereto cured the defects.

Count 2 incorporates by reference the allegations of count 1 as

to the express contracts, then seeks a recovery on quantum meruit. "Where there is a special contract between the parties, a recovery on quantum meruit cannot be had." *Thomas McDonald & Co. v. Elliott,* 92 Ga. App. 409, 410 (88 SE2d 440); *Kuniansky v. Williams,* 101 Ga. App. 678, 680 (115 SE2d 204). See cases cited under catchwords, "Special contract," *Code Ann.* § 3-107. It is true that a count based on an express contract may be joined with a count alleging facts to raise an implied promise to pay for services, i.e., quantum meruit, in one petition. *Millican Electric Co. v. Fisher,* 102 Ga. App. 309 (1) (116 SE2d 311); *Brannen v. Lanier,* 97 Ga. App. 30 (102 SE2d 96); *Kraft v. Rowland & Rowland,* 33 Ga. App. 806 (128 SE 812). In the present case, however, there was an averment of an express contract within the allegations of the count predicated on the theory of quantum meruit and the pleadings do not claim value for authorized services over and beyond an express contract. See *Thomas McDonald & Co. v. Elliott,* supra; *Guaranty Mutual Life &c. Ins. Co. v. Seals,* 27 Ga. App. 378 (108 SE 477); *Atlantic C. L. R. Co. v. Blalock,* 8 Ga. App. 44 (68 SE 743); *Millican Electric Co. v. Fisher,* supra, p. 310. Count 2, therefore, did not state a cause of action for quantum meruit.

The court did not err in its judgment sustaining the general demurrers and dismissing the petition.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*