## 42730. GENERAL ACCEPTANCE CORPORATION v. GUINTINI.

DEEN, Judge. 1. Contracts are to be construed most strongly against the entity preparing them, and motions for summary judgment most strongly against the movant. Where, therefore, a contract for time payment sale of an automobile between the seller, Europacar, and the purchaser, the defendant Guintini, was executed in the office of the seller on an instrument containing a printed assignment clause to the plaintiff General Acceptance Corp. which was signed by the seller above the signature of the buyer, the transaction taking place in the office of the seller in Chinon, France, any equivocal statements in the contract of sale must, for summary judgment purposes, be construed against the plaintiff.

2. The term "and/or" in a contract may, according to textbook authority, "be clear, supplying the intention either that effect shall be given to both the conjunctive 'and' and the disjunctive 'or', or else that the one word or the other may be taken accordingly as the one or the other will best give effect to the purpose intended as gathered from the instrument taken as a whole, and for that purpose to use either 'and' or 'or' and be held down to neither; and that on the other hand it has also been said that, as sometimes used, the term is ambiguous." *Davison v. F. W. Woolworth Co.*, 186 Ga. 663, 665 (198 SE 738, 118 ALR 1363). Where the sale contract contained the statement that installments due on the purchase price of the automobile were payable "at the office of the seller and/or its assigns" and where the defendant testified by deposition that he paid $1,523.91 to the seller's agent in charge of its office from whom he had purchased the car (the payment being denied by the agent) the dispute is not irrelevant nor the payment voluntary as a matter of law. " 'Payment of money due to the creditor or his authorized or general agent, or one whom the creditor accredits as agent though he may not be so, or to his partner interested with him in the money, shall be good.' *Code* § 20-1001. Where a principal has 'placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption, the prin-

cipal is estopped as against such third person from denying the agent's authority; he will not be permitted to prove that the agent's authority was, in fact, less extensive than that with which he apparently was clothed." *Commercial Credit Corp. v. Noles,* 85 Ga. App. 392, 396 (69 SE2d 309), and see 3 AmJur2d 479, Agency, § 76. The authority of Byrne to receive the money, as well as the question of whether it was in fact paid, are disputed fact issues which must be resolved by a jury on the trial of the case.

3. Assuming without deciding that the defendant's testimony shows that the sum which he claimed he delivered to the seller's agent in full payment for the balance due on the automobile was less than that shown to be due under the undisputed evidence, and assuming further that there is no proof that such agent would have power to accept less than the time balance due as full payment (in which connection see *Kaiser v. Hancock,* 106 Ga. 217 (32 SE 123)) such facts would not warrant the grant of a summary judgment to the plaintiff in the full amount sued for. As stated above, both the fact of payment, and its legal consequences if the jury should find that payment was made remain disputed.

Indubitably, it was not error to deny the motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED APRIL 5, 1967—DECIDED MAY 15, 1967.

*Lawrence S. Rosenstrauch,* for appellant.
*L. L. Davis, Lennie F. Davis,* for appellee.