49289. BANK BUILDING & EQUIPMENT CORPORATION OF AMERICA v. GEORGIA STATE BANK.
49290. GUARIGLIA v. GEORGIA STATE BANK.

WEBB, Judge.
Bank Building and Equipment Corporation of America, a corporation specializing in providing consultant services for the facility needs of financial institutions, and Charles P. Guariglia, an architect and officer of the corporation, brought separate suits against

Georgia State Bank, formerly known as the South Cobb Bank of Mableton, Georgia, seeking to recover for services allegedly rendered under a "consultant's contract" and an "architect's contract." Recovery was sought for services rendered the bank with respect to the construction of a new branch office, as well as for services rendered with respect to an addition to the home office, the only office existing at the time. Each of the contracts sued upon provided that the bank intended to "erect, equip and furnish an addition to the home office facility *and/or* erect, equip and furnish a new branch facility to be located in the City of Mableton, Georgia" (emphasis supplied), and the consultant and architect agreed to perform certain services for specified fees with regard to this proposed project which was never completed.

The cases were consolidated for trial and were heard by the trial court sitting without a jury. It was recognized by the parties that the "and/or" language in the contracts created an ambiguity as to the subject matter of the contracts, and accordingly the plaintiffs sought to show by evidence extrinsic to the contracts that it was the intention of the parties that services were to be rendered with respect to the addition to the home office as well as the branch office so that recovery could be had for both. To this end they introduced in evidence plaintiffs' minutes of a meeting which took place between the parties subsequent to the execution of the contracts, which minutes were later incorporated by reference in the minutes of the bank's board of directors. The plaintiffs' minutes of the meeting stated that "the Board of Directors authorized the Architect and Consultant to proceed immediately with the necessary planning for the branch and for the necessary remodeling and addition to the present Home Office."

However, the defendant's evidence, consisting primarily of the testimony of the bank's president, was to the effect that the bank intended to proceed only with the erection of the branch office; that the bank was concerned about the "and/or" language in the contracts and the wording of the minutes and orally objected to the references to the home office, but that upon informing plaintiffs of their concern and of its intentions the

plaintiffs assured it that there would be no improvements to the home office and that any study or survey of the home office was groundwork only as it related to the servicing of the proposed branch and was for plaintiffs' convenience in contemplation of future business, for which no additional expenditure of funds was required of defendant; that upon these and similar assurances the bank executed the contracts and made no written objection to the minutes, having been led to believe that it would be billed for the branch office only and that references to the home office were included as "part of the package" with regard to the erection of the branch; and that upon learning the plaintiffs were proceeding further than a study or research phase with the home office, and were making detailed drawings, they were requested to stop and proceed with the branch only as originally intended and contemplated.

The trial court granted judgment to plaintiffs for services rendered with respect to the branch office, but denied any recovery with respect to the home office on the following findings of fact: "1. The contracts between the parties were to cover the branch facility which was the immediate need of the defendant. 2. All work done by the plaintiffs concerning the main office facility was performed at the instance of [plaintiffs] in contemplation of future business with the defendant. 3. The defendant expected to be billed on the branch office."

Plaintiffs appeal, contending they were entitled to recover with respect to the home office, and that the trial court violated the parol evidence rule in considering defendant's oral testimony on this issue. *Held:*

1. "That the expression 'and or' is equivocal and is neither positively conjunctive nor positively disjunctive, is settled by the decisions of this court beyond reasonable doubt." *Ralls v. E. R. Taylor Auto Co.,* 202 Ga. 107, 108 (42 SE2d 446). See also *Henderson v. Nolting First Mortgage Corp.,* 184 Ga. 724, 734 (193 SE 347, 114 ALR 1022); *Davison v. Woolworth Co.,* 186 Ga. 663 (198 SE 738); *Shadden v. Cowan,* 213 Ga. 29, 30 (2) (96 SE2d 608); *Kuttner v. Swanson,* 59 Ga. App. 818, 820 (1b) (2 SE2d 230); *Saylor v. Williams,* 93 Ga. App. 643, 645 (2) (92 SE2d 565); *General Acceptance Corp. v. Guintini,* 115 Ga. App.

723 (155 SE2d 722). "The term 'and/or' as ordinarily used [in a contract] is a deliberate amphibology; it is purposely ambiguous. Its sole usefulness lies in its self-evident equivocality . . . The practical construction placed by the parties on the term, and the circumstance surrounding the execution of the agreement, may be of aid in determining what interpretation will best accord with the equities of the case." 17 AmJur2d 698, Contracts, § 283.

2. *"[T]he matter excluded* by the [parol evidence] rule is *not inherently or even most commonly anything that can be properly termed 'parol.'* That word (in spite of its numerous other derived applications) signifies and implies essentially the idea 'oral,' i.e. matter of speech, as contrasted with matter of writing. Now, so far as the phrase 'parol evidence rule' conveys the impression that what is excluded is excluded because it is oral — because somebody spoke or acted other than in writing, or is now offering to testify orally — that impression is radically incorrect. When the prohibition of the rule is applicable, what is excluded may equally be written as oral, — may be letters and telegrams as well as conversations; and where the prohibition is applicable on the facts to certain written material, nevertheless for the very same transaction certain oral material may not be prohibited." 9 Wigmore on Evidence, § 2400, p. 4 (3d Ed., 1940). "It will be of no consequence whether such outside matter is oral or written." 4 Williston, Contracts, § 646, p. 1144 (3d Ed. 1961). "Among the paradoxes concerning the [parol evidence] rule are . . . (2) that it excludes evidence other than oral testimony, even written evidence." Green, Georgia Law of Evidence, § 199, p. 442 (1957).

3. Plaintiffs contend here that although the contracts were ambiguous because of the "and/or" expression, rendering it uncertain as to whether the new branch facility or the home office addition, or both, were the subject of the contracts, the contracts were rendered clear and unambiguous by the subsequent mutual agreement of the parties as reflected in the minutes made by plaintiffs and incorporated by reference in defendant's minutes; and that since defendant's evidence was oral, as opposed to the written minutes, the trial court could not

consider the oral evidence without violating the parol evidence rule. We note first that this position conflicts with that taken at the trial, where plaintiffs stated, subsequent to the introduction of the minutes, that the contracts were ambiguous and that defendant was free to introduce parol evidence to explain the ambiguity. Defendant did so, the trial court chose to believe its testimony and based the judgment thereon, and plaintiffs now complain of it. We are inclined to the view that if the trial court committed any error in considering the oral testimony, the error partakes of the nature of self-induced error of which plaintiffs may not complain.

But in any event it is our view that plaintiffs' argument misses the mark. Certainly the minutes prepared by plaintiffs do not amount to a "modification" of the contracts or a "new and distinct subsequent agreement" as those terms are commonly understood. We are pointed to no legal consideration to support a modification or new agreement (see *Smith v. Newton,* 59 Ga. 113 (5); *Phelps v. Belle Isle,* 29 Ga. App. 571 (3) (116 SE 217); *P. & O. Machine Works v. Pollard,* 115 Ga. App. 96 (1) (153 SE2d 631)), and it is clear that the minutes have reference only to the work to be performed under the original contracts which are ambiguous on this point. The minutes, just as defendant's oral testimony, are parol evidence to explain the "and/or" ambiguity as to the work to be performed (Code §§ 38-502; 20-704 (1)); and in legal contemplation plaintiffs' argument reduces itself to the complaint that the trial court chose to believe defendant's parol evidence over plaintiffs' parol evidence. However, the trial court, sitting without a jury, was fully authorized to do so and to reconcile any conflict between the minutes and the other evidence, and its findings are supported by ample evidence and will not be disturbed. CPA § 52 (a) (Code Ann. § 81A-152 (a)); *American Appraisal Co. v. Whitley Construction Co.,* 126 Ga. App. 398, 399 (190 SE2d 838).

4. There can be no recovery under quantum meruit for the reasonable value of the services rendered with respect to the home office. Recovery was sought under the payment schedule in the express, written contracts; there was no contention below (or here) that plaintiffs could

recover under quantum meruit; there was no evidence as to the reasonable value of the services; and recovery therefor would be unauthorized. "'Where there is a special contract between the parties, a recovery on quantum meruit cannot be had.' *Thomas McDonald & Co. v. Elliott,* 92 Ga. App. 409, 410 (88 SE2d 440); *Kuniansky v. Williams,* 101 Ga. App. 678, 680 (115 SE2d 204). See cases cited under catchword, 'Special contract,' Code Ann. § 3-107." *Georgia Realty & Ins. Co. v. Oakland Consolidated of Ga.,* 113 Ga. App. 231, 233 (148 SE2d 53); *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346 (5). Accord: *Johns v. League, Duvall & Powell, Inc.,* 202 Ga. 868, 876 (45 SE2d 211) and plethora of cases cited; *Ramsey v. Langley,* 86 Ga. App. 544 (4) (71 SE2d 863); *Millican Electric Co. v. Fisher,* 102 Ga. App. 309, 310 (116 SE2d 311).

In *Willis v. Kemp,* 130 Ga. App. 758 (204 SE2d 486), plaintiff sued for rent due under an express agreement, and on appeal contended that the trial court should have charged Code § 61-103, which provides that "where title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied." In holding that it would have been error to so charge, Judge Evans stated for this court: "The plaintiff relied on an *express* contract, and not on an *implied* contract . . . Thus, having elected to rely on an *express* contract, he is not entitled to rely on and have the court charge on *implied* contract. Under the doctrine of election of positions and election of remedies, plaintiff was required to decide on his course and hold to it, and not 'swim hither and thither in a sea of legal uncertainty until he has been transfixed by the harpoon of a final judgment.' [Citation omitted.] . . . Of course, it is the law of this state, as is held in the cases hereafter cited, that where *no amount of rent* is agreed upon the law will *imply* an undertaking to pay such rent as would be fair and reasonable. [Citations omitted.] But here the plaintiff seeks to apply the above law to an opposing set of facts, to wit, where the amount of rent was agreed upon, according to his contentions. Accordingly, we hold that the above law cannot be applied to the facts in this case. It has likewise been held that one is estopped to recover on quantum meruit where there exists an

express agreement. *Alford v. Davis,* 21 Ga. App. 820 (4c) (95 SE 313); *Shropshire v. Heard,* 27 Ga. App. 256 (107 SE 892); *Brannen v. Lanier,* 97 Ga. App. 30 (102 SE2d 96). Having sued to recover on an express contract for rent he is not entitled to recover on quantum meruit. [Citations omitted.]" *Willis v. Kemp,* 130 Ga. App. 758 (3), supra.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Pannell, P. J., Deen, Quillian, Clark and Stolz, JJ., concur. Evans, J., dissents.*

ARGUED MAY 9, 1974 — DECIDED SEPTEMBER 5, 1974 — REHEARING DENIED OCTOBER 1, 1974.

*Carter, Ansley, Smith & McLendon, James B. Gurley,* for appellants.
*Holcomb & McDuff, Robert E. McDuff, Terry E. Willis,* for appellee.

EVANS, Judge, dissenting.

The question here is whether plaintiffs were entitled to payment for services rendered to defendant as to its home office facility.

The trial judge, sitting without a jury, rendered a judgment in which she specially found that plaintiffs were entitled to *nothing* as to the services rendered as to the home office facility, using the following language: "All work done by the plaintiffs concerning the main office facility was performed at the instance of H. E. McKenzie in contemplation of future business with the defendant." Bank Building and Equipment Corporation and Charles B. Guariglia, plaintiffs, specialized in furnishing services, advice, etc. to those constructing and improving buildings. H. E. McKenzie was their agent.

It is undisputed that plaintiffs performed work on the *home office facility* and a *new branch facility* of defendant. Before they had finished they were instructed by defendant not to do any more work on the home office facility. The services already performed were retained by defendant.

The original written contract entered into by the

parties leaves it beyond peradventure that all parties thereto contemplated *two buildings,* the *home office facility* and the *new branch facility,* as to which services were to be performed and that both buildings together constituted *one project.*

The pertinent part of the contract is as follows: "It is the intention of the owner to erect, equip and furnish an addition to the *home office facility* and/or erect, equip and furnish a *new branch facility* to be located in the City of Mableton, Georgia. The architect shall provide professional services for *the project,* in accordance with the terms and conditions of this agreement." There followed in the contract specific provisions as to the method of payment to plaintiffs for their services, but nowhere was it suggested that they would be paid for just one building; to the contrary *the project* (both buildings) was implicit in the plan of payment.

The parties recognized that the words "and/or" in the contract was an ambiguous term, but they were allowed by law to explain it by parol, which was done. Code § 20-704 (1).

It is true that prior to completion, plaintiffs were stopped by defendant from completing the work on the *home office facility.* But it is also undisputed that prior to being stopped plaintiffs performed services thereon, which services were accepted by defendant, and the law presumes the intention on the part of defendant to pay the plaintiffs therefor. The law is quite plain on this subject: Code § 3-107. "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives." No kinship between the parties is involved in this matter and therefore a promise to pay for the services as to the main office building is implied and presumed.

This case falls squarely within the purview of the above statute. The trial judge found that plaintiffs had performed work on the main office facility, and implicit in the finding is the acceptance and retention of said services by defendant. But then the trial judge goes further — in contradiction of the evidence — and holds

that these services were performed merely "in contemplation of future business with defendant." In other words, it was a gesture of good will, of professional courtesy, so defendant would feel kindly towards plaintiffs and their services and give them *future business. But the record does not support this finding.* The record does not show that defendant agreed to or even contemplated giving plaintiffs any future business. In *Douglas v. Rogers,* 10 Ga. App. 486 (2) (73 SE 700) it is held: "Where an architect is employed by the owner of land to prepare plans and specifications for the construction of a building thereon, and does so, and the owner decides not to have the building erected, because of the estimated cost, but nevertheless retains the plans and specifications, in the absence of any guaranty as to the cost of the building, or agreement as to his compensation for preparing the plans and specifications, the architect would be entitled to recover the reasonable value of his services in preparing and furnishing the plans and specifications." It is not necessary to have a valid express contract for payment of services in order to hold the recipient liable therefor. It was held in *McLendon v. Moore,* 42 Ga. App. 580 (2) (157 SE 214), "Where valuable services are accepted under a contract, either express *or implied,* to pay therefor, and there is no agreement as to the amount of compensation, an agreement to pay the value of the services is implied." (Emphasis supplied.)

In *Conway v. Housing Authority of City of Atlanta,* 102 Ga. App. 333 (116 SE2d 331) it is held: "A subcontractor may maintain an action against a property owner for work done thereon in addition to work specified to be performed by the terms of a contract between the subcontractor and the owner's general contractor, where such work was authorized and the benefits received and accepted by the owner." How stands this case with reference to the use of the term "and/or" in the contract, and defendant's contention that this created an ambiguity?

The written contract between the parties provided in pertinent part: "It is the intention of the owner to erect, equip and furnish *an addition to the home office*

*facility* and/or erect, equip and *furnish a new branch facility . . ."* Thus it is beyond peradventure that two buildings were in the minds of the parties when they entered the contract. But defendant urges that the words "and/or" rendered the contract ambiguous. If any ambiguity exists, it does not affect the *home office facility,* because that term is used *before* the words "and/or" are used. If there is an ambiguity it is necessarily as to the *new branch facility,* which term is used after the use of "and/or."

The trial judge rendered a judgment for plaintiffs for the full amount sued for as to the new branch facility, thereby in effect holding that the use of *"and/or erect, equip and furnish a new branch facility"* was not ambiguous. We repeat that *the home office facility,* because of its position in the sentence could not be affected by any claimed ambiguity because "and/or" was used afterwards.

It is undisputed and the trial court ruled, that plaintiffs rendered some services as to *the home office facility,* and yet the trial judge held they were not entitled to recover anything whatever therefor, as this service was rendered "in contemplation of future business with defendant." The record does not support the judgment in its rendition of no amount whatever as to the home office facility, and is therefore erroneous.

I would vote to reverse the judgment in this case for the above reasons.