**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 15, 2025**

# In the Court of Appeals of Georgia

A25A0585. RICHBURG v. CITY OF ATLANTA.

RICKMAN, Presiding Judge.

In this civil action, the trial court dismissed the plaintiffs' claims against defendant the City of Atlanta for failure to comply with the statutory ante litem notice requirements. Plaintiff Keith Richburg, Jr., appeals, challenging the court's ruling that his ante litem notice failed to "include the specific amount of monetary damages being sought," as required by OCGA § 36-33-5 (e). For the reasons that follow, we discern no error and affirm.

The record shows that, in April 2020, Richburg sent the City a "Claim for Damages," alleging that he had been involved in a collision with an Atlanta Police Department vehicle in January 2020. In the opening sentence of the claim form,

Richburg stated as follows: "This is to notify the City of Atlanta that I have suffered damages in the amount of [ ]$20,000.00 property and/or $100,000.00 bodily injury for which I contend the City is liable."[1] In October 2021, Richburg and Steven Allen (a passenger in Richburg's car at the time of the collision) sued the City and Chin Pan (the driver of the other vehicle), seeking damages for injuries to themselves and damage to Richburg's vehicle sustained in the January 2020 collision.[2] The defendants moved to dismiss the complaint, arguing that: (i) Pan could not be held personally liable for damages arising out of the collision under Georgia law; and (ii) Richburg's claims against the City were due to be dismissed because he failed to comply with the statutory ante litem notice requirements by failing to specify an amount of damages

---

[1] Richburg submitted his ante litem notice on a pre-printed form on City letterhead available on the City's website. The form included spaces for claimants to enter the amount of damages sought for property damage "and/or" bodily injury, as well as other pertinent information, such as the date and location of the incident, how it occurred, and vehicle information. While Richburg briefly notes that the form "did not instruct the claimant to circle 'and' or 'or,'" he does not assert on appeal either that the pre-printed text on the form should be construed against the City or that the fact that he used a City-provided form should otherwise have any bearing on whether he sufficiently complied with the OCGA § 36-33-5 (e) requirements, and we therefore express no opinion on any such question.

[2] Allen submitted his own ante litem notice, listing only damages for bodily injury. The sufficiency of that notice is not before us, as Allen is not a party to this appeal.

that would constitute an offer that could be accepted by the City. The plaintiffs thereafter dismissed Pan as a defendant.

The trial court granted the City's motion to dismiss, concluding that Richburg's ante litem notice "failed to specify whether he was seeking $20,000, $100,000 or $120,000 from the City," and, as a result, "was too indefinite to constitute a binding offer of settlement."[3] The court subsequently granted Richburg's motion to set aside and reenter the order on the ground that he had not been notified of its entry. In its order granting the motion to set aside, the trial court found that there is no just reason for delay and entered a final judgment against Richburg under OCGA § 9-11-54 (b). This appeal followed.

We review the grant of a motion to dismiss de novo. *Harrell v. City of Griffin*, 346 Ga. App. 635, 636 (816 SE2d 738) (2018). Under OCGA § 36-33-5 (b), a person seeking to assert a claim for personal injuries or property damage against a municipal corporation must, within six months of the event on which the claim is based, "present the claim in writing to the governing authority of the municipal corporation

---

[3] The trial court later granted Allen's motion to set aside the dismissal as to his claims and reinstated those claims, which appear to remain pending before the trial court.

for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." "In lawsuits against municipal corporations, the giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim." *Hall v. City of Blakely*, 361 Ga. App. 135, 136 (863 SE2d 393) (2021) (citation and punctuation omitted). "The ante litem notice statute, however, is in derogation of the common law, which did not require such ante litem notice; therefore it must be strictly construed and not extended beyond its plain and explicit terms." *City of Atlanta v. MLK Properties*, 372 Ga. App. 210, 212 (1) (904 SE2d 79) (2024) (citation and punctuation omitted).

The sole issue on appeal is whether Richburg's ante litem notice provided "the specific amount of monetary damages" he sought from the City as required by OCGA § 36-33-5 (e). The statute provides:

> The description of the extent of the injury required in [OCGA § 36-33-5 (b)] shall include the *specific amount of monetary damages being sought from the municipal corporation.* The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant

4

litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

OCGA § 36-33-5 (e) (emphasis supplied).

> The purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation. In other words, requiring a claimant to provide the municipality with specific information about his or her claim and alleged injuries, as well as a demand for the specific amount of monetary damages the claimant is seeking as compensation for such injuries, allows the municipality to make an informed decision about whether to accept the offer of compromise, make a counteroffer, or otherwise resolve the claim in order to avoid litigation.

*Hall*, 361 Ga. App. at 137 (citation and punctuation omitted).

> Before the 2014 enactment of subsection (e),

> the Supreme Court of Georgia applied a "substantial compliance" standard to subsection (b) because the act recognizes, by the use of the words "as nearly as practicable," that absolute exactness need not be had. But subsection (e) does not contain the same statutory language as subsection (b). Neither this Court nor our Supreme Court has expressly addressed whether the former substantial compliance standard should be applied to subsection (e). However, this Court has held that even if only substantial compliance is required to fulfill a claimant's obligation under subsection (e), a notice does not substantially comply with it unless a

5

specific amount is given that would constitute an offer that could be accepted by the municipality.

*MLK Properties*, 372 Ga. App. at 212 (1) (citations, punctuation, and footnote omitted); see Ga. L. 2014, pp. 125-126, § 1. The phrase "an offer that could be accepted by the municipality" means "an offer sufficiently definite that acceptance would create a binding settlement agreement." *City of Suwanee v. Padgett*, 364 Ga. App. 34, 36 (2) (873 SE2d 712) (2022) (citations and punctuation omitted).

Here, we need not resolve whether strict or substantial compliance is required, as Richburg's ante litem notice failed to include a specific amount of damages sought under either standard. That is because, given his use of the combined conjunctive-disjunctive "and/or," the notice may be read as offering to settle his claims for $20,000, $100,000, or $120,000. See *Bank Bldg. & Equip. Corp. v. Ga. State Bank*, 132 Ga. App. 762, 764 (1) (209 SE2d 82) (1974) (the term "and/or" is "equivocal and is neither positively conjunctive nor positively disjunctive") (citation and punctuation omitted). The notice therefore did not identify "a specific amount of monetary damages that could constitute an offer of compromise," *Davis v. City of Valdosta*, 357 Ga. App. 900, 901 (852 SE2d 859) (2020) (citation and punctuation omitted), and, as a result, was "too indefinite to constitute a binding offer of settlement," *Hall*, 361 Ga.

6

App. at 136-138 (holding that an ante litem notice stating that the plaintiff was "seeking a monetary amount of no less than $350,000.00 and no more than two million dollars" was "too indefinite to constitute a binding offer of settlement"). See *Davis*, 357 Ga. App. at 900-902 (concluding that an ante litem notice claiming damages for "past, present and future medical bills . . . in the amount of $30,000.00" and "general damages for pain and suffering, in an amount not less than $20,000.00" failed to comply with the statute because "[a]n unknown number above $50,000 is too indefinite to constitute a binding offer of settlement") (citations and punctuation omitted); cf. *City of Conyers v. Sampson*, 362 Ga. App. 301, 303-304 (868 SE2d 283) (2022) (holding that a joint ante litem notice sent to both a city and a county stating "only that the amount of the claim is $500,000" did not satisfy OCGA § 36-33-5 (e) because it left the city "to speculate what amount between $0 and $500,000 constituted [the plaintiff's] offer of compromise to" the city and therefore "did not provide a specific amount that would constitute a binding offer of settlement that could be accepted by" the city) (punctuation omitted); compare *City of Lafayette v. Chandler*, 354 Ga. App. 259, 259-261 (840 SE2d 638) (2020) (deeming sufficient an ante litem notice stating that the plaintiff "incurred well over $100,000.00 in medical

expenses to date" and would "seek to recover $1,000,000.00 (one million dollars) in monetary damages," because the request for $1 million was "a specific amount of monetary damages that could constitute an offer of compromise") (citation and punctuation omitted).

Even if we were to accept Richburg's assertion that "no reasonable person would make an offer for $100,000 *or* $20,000," his ante litem notice nevertheless would remain ambiguous as to whether the City would be required to pay $100,000 or $120,000 to settle his claims. And his contention that the word "or" in his notice is inoperative because he unambiguously sought a total of $120,000 for both personal injuries and property damage assumes what it seeks to establish and impermissibly ignores the plain language of the notice. See generally *Wanna v. Navicent Health*, 357 Ga. App. 140, 151 (2) (850 SE2d 191) (2020) ("[W]e construe a contract in a manner that does not render any of its language meaningless or mere surplusage.") (citation and punctuation omitted).

Finally, Richburg urges that much of our case law regarding insufficient ante litem notices under OCGA § 36-33-5 (e) is distinguishable because the notices in those cases had no upper limit on the damages sought, which is not the case here. Even so,

the more fundamental issue in those cases was the failure to identify a specific amount of damages sought, which is the same defect at issue here. See, e.g., *Hall*, 361 Ga. App. at 137-138; *Davis*, 357 Ga. App. at 900-902; *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 294, 296-297 (1) (834 SE2d 358) (2019) (deeming insufficient notice stating "that the value of this claim may exceed $250,000.00"). And in at least two of prior our decisions, we have concluded that ante litem notices that did specify an upper limit of damages were nevertheless insufficient because — as is the case here — they were too indefinite to satisfy the statute. See *Sampson*, 362 Ga. App. at 303-304; *Hall*, 361 Ga. App. at 137-138.

For the above reasons, the trial court did not err when it granted the City's motion to dismiss Richburg's claims against it, and we therefore affirm the court's judgment to that effect.

*Judgment affirmed. Gobeil and Davis, JJ., concur.*